IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Case No. 2:20-cv-00008-M

| | | |
|---|---|---|
| JANICE CESIL, Individually and as Administrator of the Estate of GEORGE CESIL, | ) ) ) ) | |
| Plaintiff, | ) ) ) | **OPINION AND ORDER** |
| v. | ) ) | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY and LEE ELECTRICAL CONSTRUCTION, INC., | ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on Plaintiff's motion to remand, filed March 5, 2020. [DE-17] For the reasons that follow, Plaintiff's motion is DENIED.

### I. Background

On October 24, 2018, George Cesil ("Decedent") was working for Defendant Lee Electrical Construction, Inc. ("Lee") when he was struck by a motor vehicle and killed. [DE-18 ¶¶ 12–13] Plaintiff Janice Cesil filed a complaint in Bertie County, North Carolina Superior Court on January 6, 2020 seeking a declaratory judgment decreeing that Decedent's estate is entitled to $2 million pursuant to an insurance policy that Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") had in place with Lee on the day that Decedent was killed. [DE-1-1]

Liberty Mutual filed a notice of removal pursuant to 28 U.S.C. § 1441 in this court on February 12, 2020. [DE-1] In its notice of removal, Liberty Mutual alleges that this court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the real parties in interest have diverse citizenship

1

and the amount in controversy exceeds the relevant statutory threshold. [DE-1 ¶¶ 13–18] Liberty Mutual has alleged that: (1) it is a corporation organized under the laws of Wisconsin with its principal place of business in Massachusetts; (2) it is undisputed that Lee is a corporation organized under the laws of North Carolina; and (3) Plaintiff and Decedent were North Carolina citizens at the time of Decedent's death. [DE-1 ¶¶ 14–16; DE-23 at 2; *see* DE-1-1 ¶¶ 1–5; DE-16 ¶¶ 1–5; DE-18 ¶¶ 1–5] Liberty Mutual argued in its notice of removal that, although Lee has the same alleged state citizenship as Plaintiff/Decedent, Lee is a nominal party whose citizenship need not be considered by this court in determining whether it has jurisdiction under 28 U.S.C. § 1332. [DE-1 ¶ 16]

On March 5, 2020, Plaintiff filed a motion to remand the action to state court, arguing that Lee is not a nominal party, and that diversity of citizenship (and thus subject-matter jurisdiction) is therefore lacking. [DE-17] Liberty Mutual filed an opposition to the motion on March 26, 2020 expounding upon the arguments made within its notice of removal [DE-20], and Plaintiff's window to file a reply has closed. Local Rule 7.1(g). Plaintiff's motion is therefore ripe for adjudication.

**II.  Legal standards**

A civil action brought in state court over which federal courts have original jurisdiction may be removed by a defendant to the federal district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). Removal based upon diversity jurisdiction is generally available where the dispute is between citizens of different states and the amount in controversy in the dispute exceeds $75,000. 28 U.S.C. § 1332(a). An action may not be removed on diversity grounds if any properly-joined defendant is a citizen of the state in which the state court action was brought. 28 U.S.C. § 1441(b)(2).

2

For purposes of determining whether diversity jurisdiction exists in an action brought by a legal representative on behalf of a decedent's estate,[1] the citizenship of the decedent controls. 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). The citizenship of a natural person is determined by that person's domicile. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) ("state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." (citations omitted)). And except for in circumstances not present here, a corporation is deemed a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

"[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980) (internal citations omitted). "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal. In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case[.] Any venture into hypotheticals in which nominal party status may or may not obtain would only complicate and frustrate a trial court's straightforward inquiry: whether the non-removing party has an interest in the outcome of the case." *Id.* at 260–61 (internal citation omitted).

---

[1] Plaintiff also sued in her individual capacity, but because it is uncontested that she and Decedent had identity of citizenship at the time of Decedent's death, this has no effect upon the court's analysis.

3

The Supreme Court has said:

> If a removal is effected, the plaintiff may, by a motion to remand, plea or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the District Court, and at the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding. But if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth and the petitioning defendant need not produce any proof to sustain it.

*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97–98 (1921) (citations omitted). "Because removal jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted).

### III.  Analysis

Because Plaintiff has not contested Liberty Mutual's allegations regarding the citizenships of the parties, "[s]he must be taken as assenting to [the] truth" of those allegations. *Wilson*, 257 U.S. at 97. Plaintiff instead focuses upon the question of whether Lee is a "real part[y] to the controversy" whose citizenship controls whether the court can exercise subject-matter jurisdiction, or is instead a mere "nominal . . . part[y]" whose citizenship can be disregarded. *Navarro*, 446 U.S. at 460–61. Because Lee and Plaintiff have identity of citizenship, if Lee is a real party to the controversy, Plaintiff's motion must be granted; if, on the other hand, Lee is a mere nominal party, Plaintiff's motion must be denied. *Id.*

Liberty Mutual concedes in its opposition to Plaintiff's motion to remand that Lee is a "non-diverse defendant" [DE-20 at 2], but argues in its notice of removal and opposition brief that Lee is a mere nominal defendant,[2] because: (1) in her complaint, Plaintiff does not seek monetary damages or any other relief from

---

[2] Liberty Mutual also argues in opposition that Lee was fraudulently joined [DE-20 at 6–8], but because the court agrees with Liberty Mutual that Lee is a nominal defendant, the court has no occasion to reach that argument.

4

Lee, but rather seeks a declaratory judgment finding what Liberty Mutual's insurance policy with Lee provides, the outcome of which will have no effect on Lee; (2) N.C. Gen. Stat. § 97-10.1 prohibits employees (and their legal representatives) from suing their employers except for before the North Carolina Industrial Commission, and therefore bars Plaintiff from stepping into Decedent's shoes to sue Lee; and (3) Plaintiff has admitted to "already pursu[ing] a worker's compensation claim to completion on behalf of" Decedent [DE-17 at 2 n.3]. [DE-20 at 2–6] For these reasons, Liberty Mutual argues, Lee has "no immediately apparent stake in the litigation" and Lee's citizenship is not relevant to whether the court may properly exercise jurisdiction. *Hartford*, 736 F.3d at 260.

Plaintiff argues in her brief, however, that Lee is not a nominal party because Lee "can be negatively impacted as a result of this case and it has necessary information for the Court to make a ruling." [DE-17 at 5] Specifically, Plaintiff argues:

> If Plaintiff prevails, it could lead to a change in the premiums that [Lee] must pay for its Business Auto Policy going forward. It could also impact the workers' compensation insurance premiums and any liens that may exist. It very much has a financial stake in the outcome of this declaratory judgment action, not the least of which is how it provides insurance and at what price going forward. [Lee] could have filed a claim on behalf of Plaintiff, or at least helped her, for the full $2,000,000.00 in UIM coverage, but did not. Either way, [Lee] is a necessary party for the Court to fully understand and adjudicate this matter. By failing to protect Plaintiff's interests, [Lee] enters the case as adverse to Plaintiff. That makes it a defendant.

[DE-17 at 3–4] Essentially, then, Plaintiff's arguments are that Lee is a real party to the controversy because Lee: (1) failed to help Plaintiff pursue recompense under the Liberty Mutual policy; (2) is an important witness; and (3) may have to pay different insurance premiums as a result of the outcome of her lawsuit.

Plaintiff's arguments are unavailing. First, the complaint contains neither (1) any claim seeking relief from Lee on a theory that Lee failed to help Plaintiff pursue recompense under the Liberty Mutual policy nor (2) factual allegations that if proven would establish that Lee owed Plaintiff a duty to assist and

5

breached that duty. Second, the fact that an entity has information relevant to a controversy does not make the entity a real party to the controversy within the meaning of *Navarro*; it merely makes the entity a potential witness. As the Fourth Circuit made clear in *Hartford*, only those natural persons or entities with an "immediately apparent stake in the litigation either prior or subsequent to the act of removal" are considered for diversity purposes. 736 F.3d at 260. Plaintiff has not cited any authority for the proposition that merely possessing relevant information creates such a stake, and the court's independent research has uncovered no such authority. Finally, Plaintiff's speculation that the outcome of her lawsuit "could lead to a change in . . . [or] impact" Lee's insurance premiums is insufficient to render Lee a real party to the controversy. The *Hartford* court specifically considered and rejected an argument that the fact that a litigation's outcome "could affect" a defendant's future insurance policies rendered the defendant's citizenship controlling for diversity purposes. *Id.* at 261 (holding that the defendant did "not possess a sufficient stake in this proceeding to rise above the status of a nominal party" because its "future coverage limits" could be affected).

The court accordingly concludes that Lee has no "immediately apparent stake in the litigation[,]" 736 F.3d at 260, and that Lee is a nominal defendant for purposes of the court's diversity analysis. Because Liberty Mutual has established that its citizenship is diverse from Decedent's, and Plaintiff raises no other arguments as to why the result should be otherwise, the court concludes that it has subject-matter jurisdiction over the dispute under 28 U.S.C. § 1332, and that Liberty Mutual's removal was proper under 28 U.S.C. § 1441.

6

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to remand is DENIED.

SO ORDERED this the 5 th day of May, 2020.

*Richard E Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE